Matter of Attorneys in Violation of Judiciary Law § 468-a (Cajiao) (2021 NY Slip Op 06911)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Cajiao)

2021 NY Slip Op 06911

Decided on December 9, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 9, 2021

PM-172-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Ximena T. Cajiao, Respondent. (Attorney Registration No. 2811479.)

Calendar Date:September 13, 2021
Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Ximena T. Cajiao, BogotÁ, Colombia, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1997 and currently lists a business address in BogotÁ, Colombia. By May 2019 order of this Court, respondent was suspended from the practice of law indefinitely for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2013-2014 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1717 [2019]). Having cured her registration delinquency in August 2020, respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). The Attorney Grievance Committee for the Third Judicial Department has submitted correspondence opposing respondent's motion.
Any attorney seeking reinstatement from suspension must establish, by clear and convincing evidence, (1) that he or she has complied with the order of suspension and the Rules of this Court, (2) that he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public interest to reinstate the attorney to practice in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Respondent's submission sufficiently demonstrates that she has made the required showing and is entitled to reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Stone], 195 AD3d 1226, 1228 [2021]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Respondent has clearly established that she has complied with the order suspending her and has not utilized her New York law license during the period of her suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Vatti], 195 AD3d 1231, 1232 [2021]). Further, our review of respondent's application reveals no concerns regarding her character and fitness, as she provides proof that she is an attorney in good standing in her home jurisdiction, has not been the subject of any criminal or governmental investigations, and has no financial circumstances or medical or substance abuse history that would negatively impact her reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Toussaint], 196 AD3d 830, 832 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1050 [2018]). Finally, we find that respondent's reinstatement would not result in any detriment to the public, and that the public would realize a tangible benefit from her return to practice (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Kearney], 186 AD3d 972, 974 [2020]). Accordingly, we grant respondent's application and reinstate her to the practice of law in this state (see Matter of Attorneys in Violation of Judiciary Law § 468[*2]-a [Breslow], 193 AD3d 1175, 1776-1177 [2021]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]).
Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effectively immediately.